1
2
3
4
5
6                      UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
7                              AT SEATTLE

8   JESUS ANDRADE-TORRES,                )
                                          )
9                          Petitioner,    )      Case No.  C10-1787-JLR-BAT
                                          )                (CR09-97-JLR)
10          v.                            )
                                          )      **REPORT AND**
11  UNITED STATES OF AMERICA,             )      **RECOMMENDATION**
                                          )
12                         Respondent.    )
                                          )
    _____ )
13

14      Petitioner Jesus Andrade-Torres moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or

15  correct his 168-month sentence after he pleaded guilty to distribution of methamphetamine and

16  to being an alien in possession of a firearm.  (Dkt. 1; CR Dkt. 53.)[1]  He alleges that criminal

17  defense counsel provided ineffective assistance in five ways: (1) counsel advised him to plead

18  guilty; (2) counsel misrepresented his exposure at sentencing; (3) counsel failed to file a motion

19  requesting a *Franks* hearing; (4) counsel failed to use an interpreter when conferring with him;

20  and (5) counsel failed to inform him that he was subject to deportation as the result of his guilty

21  plea.  The Court recommends that petitioner's § 2255 motion be **DENIED**; respondent's cross-

22  motion to dismiss be **GRANTED**; and this matter be **DISMISSED** with prejudice.  The Court

23  _____
    [1] (Dkt.) refers to the civil docket in Case No. C10-1787-JLR; (CR Dkt.) refers to the underlying criminal docket in
    Case No. CR09-97-JLR.  The Court cites to the pagination of the scanned originals rather than to the pagination
    specified by the parties.

    REPORT AND RECOMMENDATION- 1

recommends that petitioner's motion for an evidentiary hearing be **DENIED** because even if petitioner's factual allegations are accepted as true the record shows conclusively that petitioner is not entitled to relief. The Court also recommends that petitioner be **DENIED** issuance of a certificate of appealability.

## I. BACKGROUND

In September 2009, pursuant to a plea agreement, petitioner pleaded guilty to distribution of methamphetamine and to being an alien in possession of a firearm. (CR Dkts. 22–26.) In December 2009, he was sentenced to the low end of the advisory guideline range, 168 months of imprisonment, and to four years of supervised release. (CR Dkts. 33–34, 49.) In November 2010, petitioner timely filed his present 28 U.S.C. § 2255 motion. (Dkt. 1.) Respondent filed a response and cross-moved for dismissal. (Dkt. 9.) The Court granted petitioner's motion for an extension of time to file a reply (Dkt. 12) and this matter is now ripe for review.

## II. DISCUSSION

Petitioner here challenges his guilty plea on the basis of ineffective assistance of counsel. "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 US. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). When a criminal defendant claims that his guilty plea was "unintelligent" or "involuntary" on the basis of ineffective assistance of counsel, the two-part test of *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984), applies. *Hill*, 474 U.S. at 58–59. Petitioner thus has the burden of showing (1) that his trial counsel's performance was deficient ("deficient performance"), and (2) that the deficient performance prejudiced the result ("prejudice"). *Strickland* 466 U.S. at 687–88. However, to satisfy the prejudice prong in the context of a guilty

plea, the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill*, 474 US. at 59); *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986).  The reviewing court need not address both components of the inquiry if an insufficient showing is made on one component.  *Strickland*, 466 U.S. at 697.  Furthermore, if both components are to be considered, there is no prescribed order in which to address them.  *Id.*

Petitioner has failed to show defense counsel's deficient performance as to Grounds 1 (advice to plead guilty) and 3 (failure to move for a *Franks* hearing), and has failed to show prejudice as to all five of his grounds for ineffective assistance of counsel.[2]  He is therefore not entitled to relief and holding an evidentiary hearing would be futile.

**A.        Advice to Plead Guilty**

Petitioner alleges that counsel provided ineffective assistance of counsel by advising him to plead guilty.  (Dkt. 1, at 8–9.)  Petitioner has failed to show that counsel performed deficiently or that this performance resulted in prejudice.

There was overwhelming evidence marshaled against petitioner regarding distribution of methamphetamine and being an alien in possession of firearms.  In January 2009, agents sent a Confidential Informant ("CI") to purchase weapons and drugs from petitioner.  (CR Dkt. 24, at 5.)  The CI wore a body recorder and the transaction was recorded.  (Dkt. 9, at 3.)  Petitioner sold the CI two assault-style rifles and 73.8 net grams of "actual" methamphetamine for more than $4,000.  (*Id.*, at 3–4.)  There is no dispute that petitioner is a Mexican national, had previously been deported from the United States, and was, at the time of his arrest, illegally within the

---

[2] The Court notes that petitioner equivocates about whether he seeks to withdraw from the plea agreement and proceed to trial.  His strongest statement on the question is: "Had the Petitioner been aware that he was exposed to a 168-month sentence as a result of his plea, he *may* have gone to trial.  In any event, his deliberation process would have been different."  (Dkt. 1, at 12 (emphasis added).)

country.  Furthermore, the January 2009 incident was just one of several incidents involving

drugs and weapons that was recorded by the CI.  (*Id.*)  Although the original drug charge against

petitioner, pursuant to 21 U.S.C. § 841(b)(1)(A), carried a ten-year mandatory minimum, the

plea agreement permitted him to plead guilty to the lesser included offense in 21 U.S.C.

§ 841(b)(1)(B), which carries the lower mandatory sentence of five years.  (Compare CR Dkt.

11, at 2 *with* CR Dkt. 24, at 2.)

Given the overwhelming evidence against petitioner and the opportunity to request a

sentence half as long as the one he would have faced if he had chosen to go to trial, the Court

finds that petitioner can show neither deficient performance nor  prejudice stemming from

counsel's advice to plead guilty.

**B.        Mistaken Estimate of Sentence**

Petitioner alleges that counsel provided ineffective assistance of counsel by misrepresenting

his sentencing exposure.  (Dkt. 1, at 9–13.)   According to petitioner, criminal defense counsel

stated that a guilty plea would result in a sentence no greater than 8 years (i.e., 96 months) and he

actually received a sentence of 168 months.  Even if the Court presumes that defense counsel

performed deficiently, petitioner cannot show prejudice, i.e., that there is a reasonable

probability that, but for counsel's misrepresentation of sentencing exposure, he would have not

pleaded guilty and would have insisted on going to trial.

Although petitioner argues that counsel was ineffective because he grossly mischaracterized

his likely sentence, the Ninth Circuit has rejected applying a rigid rule that an inaccurate

sentencing prediction—even a "gross mischaracterization"—constitutes *per se* ineffective

assistance of counsel without regard to prejudicial effect.  In the seminal case of *Iaea v. Sunn*, the

Ninth Circuit found that counsel performed deficiently because he had grossly mischaracterized

the likely outcome and provided erroneous advice on the possible effects of going to trial. 800 F.2d at 865. Nonetheless, the Ninth Circuit remanded the case because the petitioner still had to prove the prejudice prong of the ineffective assistance inquiry and the district court had yet to examine that question in light of a record replete with evidence that petitioner was reluctant to plead guilty. *Id.* at 865–66. In *Doganiere v. United States*, although the Ninth Circuit rejected the claim of deficient performance based on a sentencing prediction that was three years less than what petitioner actually received, it also noted that petitioner "suffered no prejudice from his attorney's prediction because, prior to accepting his guilty plea, the court explained that the discretion as to what the sentence would be remained entirely with the court." 914 F.2d 165, 168 (9th Cir. 1990) (citing *Iaea* for the standard for construing ineffective-assistance claims involving the "gross mischaracterization" of a sentence).

Petitioner's first suggestion that defense counsel made an inaccurate sentencing prediction occurs in the current § 2255 motion. In contrast, the record is replete with petitioner's statements that he understood the sentencing procedures, that no promises about sentencing were made, and that only the Court had the discretion to determine his sentence regardless of his and the government's recommendations. (CR Dkt. 24, at 4–5 (Plea Agreement); CR Dkt. 48, at 6–8, 8–9, 11–12 (Tr. of Plea Colloquy).) The undersigned magistrate judge asked the petitioner if he understood and agreed that for the methamphetamine charge he faced up to 40 years in prison, a mandatory sentence of five years, a fine of up to $2 million, supervised release following imprisonment of four years, and a $100 assessment. (CR Dkt. 48, at 7.) Petitioner said yes. The undersigned judge also asked if petitioner understood and agreed that for the charge of being an illegal alien in possession of a firearm he faced up to 10 years in prison, a period of supervised release of up to three years, a fine of $250,000, and a $100 special assessment. (*Id.*) Petitioner

also answered yes. (*Id.* at 8.) Petitioner agreed with the government's assertion and the plea agreement's language that the base offense level was 32. (CR Dkt. 48, at 11.) And even in petitioner's sentencing memorandum, it is clear that although defense counsel recommended 60 months of imprisonment, this recommendation amounted to the mandatory minimum only for the methamphetamine charge and constituted less than half of counsel's own calculation of the advisory guidelines range of 151–188 months. (CR Dkt. 31, at 1; CR Dkt. 32, at 1–2.) At the sentencing hearing, defense counsel informed the Court that his recommendation of 60 months was far below the advisory guidelines range. (CR Dkt. 49, at 3–4.) When provided the opportunity to address the Court directly, petitioner made no suggestion that counsel made any promises regarding his sentencing exposure. (*Id.* at 10–13.) And, in the end, the sentencing judge sentenced petitioner to 168 months, which was at the bottom of what the Court determined to be the appropriate guidelines range of 168–210 months. (*Id.* at 20–24.)

For the sake of petitioner's § 2255 motion, the Court presumes that defense counsel provided deficient performance by stating off-the-record that petitioner would be sentenced to no more than 8 years if he pleaded guilty. Nonetheless, the record refutes any suggestion that petitioner was prejudiced by counsel's alleged misrepresentation of sentencing exposure. In the plea agreement and during the plea colloquy and sentencing, petitioner, defense counsel, government's counsel, the undersigned judge, and the sentencing judge all acknowledged the Court's sole discretion to sentence petitioner and petitioner received a sentence at the bottom of the advisory guidelines range. Had petitioner chosen not to plead guilty and to go to trial, the overwhelming evidence of his guilt would have exposed petitioner to a mandatory minimum of 10 years on the drug charge alone and, according to the Sentencing Guidelines, no less than his current sentence.

Petitioner has not proven the prejudice prong of the ineffective-assistance inquiry because he cannot show a reasonable probability that, but for counsel's erroneous representation of his sentencing exposure, he would have chosen not to plead guilty and would have gone to trial.

## C. *Franks* Hearing

Petitioner argues that defense counsel provided ineffective assistance by failing to move for a *Franks* hearing.[3] (Dkt. 1, at 13–14.) According to petitioner, the CI's testimony was inherently unreliable because he assisted the government in order to stave off his own immigration deportation. (*Id.*) Petitioner has failed to show both deficient performance and resulting prejudice based on counsel's choice not to move for a *Franks* hearing regarding the CI.

When requesting a *Franks* hearing based on allegations of material false statements or omissions in an affidavit supporting a search warrant, a defendant must make a substantial preliminary showing that false or misleading statements were (1) deliberately or recklessly included in an affidavit submitted in support of a search warrant; and (2) necessary to the finding of probable cause. *United States v. Craighead*, 539 F.3d 1073, 1080 (9th Cir. 2008) (citing *Franks*, 438 U.S. at 155–56).

Petitioner has made no substantial preliminary showing that the CI made any false or misleading statements. Petitioner declines, in fact, to specify which, if any, of the CI's statements were false. Instead he suggests that because the CI had a reason for cooperating with the government, the CI's statements should be presumed to be inherently false or misleading. Conclusory allegations such as this one do not justify a *Franks* hearing. Petitioner has failed to show that defense counsel performed deficiently by declining to move for a *Franks* hearing and that petitioner was prejudiced as a result.

---

[3] *See Franks v. Delaware*, 438 U.S. 154 (1978).

**D.     Use of an Interpreter for Attorney-Client Communications**

Petitioner argues that defense counsel provided ineffective assistance by not using a Spanish-language interpreter for all attorney and client communications. (Dkt. 1, at 14–15.) Even accepting as true the dubious factual assertion that he comprehends virtually no English,[4] petitioner cannot show that prejudice resulted from counsel's choice not to use an interpreter at all times. Petitioner had an interpreter during the change-of-plea and sentencing hearings. Petitioner thus had a full and fair opportunity to review the terms of the plea agreement, as well as to state his understanding of the proceedings. Petitioner's claim of ineffective assistance fails because he has failed to show that he was prejudiced by counsel's choice not to use an interpreter for all attorney-client communications.

**E.     Subject to Deportation**

Citing *Padilla v. Kennedy*, __ U.S. __, 130 S. Ct. 1473 (2010), petitioner argues that defense counsel was ineffective by allegedly failing to advise him of the immigration consequences of a guilty plea. *Padilla* is inapposite and petitioner has failed to show prejudice from any such omission of information. First, while *Padilla* involved a long-time, legal permanent resident of the United States who faced deportation after pleading guilty, here petitioner has been deported previously and was subject to deportation whether or not he was convicted of a crime. Second, the undersigned judge informed petitioner of the immigration consequences of pleading guilty during the plea colloquy. (CR Dkt. 48, at 8.)

**F.     Evidentiary Hearing**

The Court need not hold an evidentiary hearing because even if the Court accepts that

---

[4] At the plea colloquy, defense counsel referred to petitioner speaking English "pretty well," and petitioner himself responded in English until told to answer in Spanish; he also interrupted the undersigned judge in English. (CR Dkt. 48, at 2–4.) Furthermore, petitioner has presented cogent English-language argumentation during the § 2255 proceedings.

petitioner can prove deficient performance, the record conclusively refutes his claims that he suffered prejudice from criminal defense counsel's conduct. *See* 28 U.S.C. § 2255(b); *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).

## G.        Certificate of Appealability

If the district court adopts the Report and Recommendation to deny petitioner's § 2255 motion, it must determine whether a certificate of appealability ("COA") should issue. Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The decision to issue a COA turns not on the court's assessment of the applicant's chances for success on appeal, but whether the appeal would raise material and debatable questions. *See id.* at 342.

The Court recommends that the issuance of a COA be denied because the appeal would raise no material and debatable questions about whether petitioner was prejudiced by allegedly ineffective assistance of counsel. Petitioner should address whether a COA should be issued in his written objections, if any, to this Report and Recommendation.

## III. CONCLUSION

The Court recommends that petitioner's § 2255 motion be **DENIED**; respondent's cross-motion to dismiss be **GRANTED**; and this matter be **DISMISSED** with prejudice. The Court recommends that petitioner's motion for an evidentiary hearing be **DENIED** because even if

petitioner's factual allegations are accepted as true, the record shows conclusively that petitioner is not entitled to relief. The Court also recommends that petitioner be **DENIED** issuance of a certificate of appealability. A proposed order accompanies this Report and Recommendation.

DATED this 10th day of June, 2011.

BRIAN A. TSUCHIDA
United States Magistrate Judge